# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 17-07885-RGK-SSx | Date | January 24, 2018 |
|---|---|---|---|
| Title | *Yazdchi v. Enersys Delaware, Inc. et al.* | | |

Present: The Honorable **R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE**

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand (DE 16)

## I. INTRODUCTION

On July 10, 2017, Plaintiff Sherry Yazdchi ("Plaintiff") filed a Complaint in state court against Defendants Enersys Delaware, Inc. ("Enersys"), Quallion, Inc. ("Quallion"), Dale Goodwin, and Does 1–100, inclusive (collectively, "Defendants"). In the Complaint, she asserts state law claims stemming from the termination of her employment. On October 27, 2017, Defendants removed the case to this Court on the basis of diversity jurisdiction.

Plaintiff now moves to remand the case back to state court (DE 16). For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II. FACTUAL BACKGROUND

Plaintiff is a California resident who worked as a plant human resources manager in Sylmar, California for defendants Enersys and Quallion. Defendant Dale Goodwin ("Goodwin") was her immediate supervisor.

In or around July 2016, Plaintiff allegedly sent an email to Goodwin reporting a workplace accident that she believed posed health hazards to herself and other employees. A few months later, in September 2016, Defendants terminated Plaintiff's employment. Plaintiff alleges that Defendants wrongfully terminated her in response to her email. Accordingly, she filed a Complaint on July 10, 2017, asserting six state law claims against the Defendants for various contract, tort, and statutory violations. In the Complaint, she sought damages from the Defendants but did not specify a monetary amount.

On August 9, 2017, Defendants first attempted to remove the case to federal court. On its own motion, the Court remanded the case back to state court, finding that the Defendants had failed to show by a preponderance of the evidence that the requisite amount in controversy was met. (*See* Order, CV-17-05904, ECF No. 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-07885-RGK-SSx | Date | January 24, 2018 |
|---|---|---|---|
| Title | *Yazdchi v. Enersys Delaware, Inc. et al.* | | |

On October 27, 2017, Defendants again removed the case to federal court on the basis of diversity jurisdiction. In their Notice of Removal, Defendants contend that there is complete diversity of citizenship between the parties because Plaintiff is a citizen of California while Goodwin is a citizen of Arizona, Enersys is a citizen of Delaware and Pennsylvania, and Quallion is a citizen of Delaware and Missouri. Defendants also contend that the amount in controversy is met because discovery documents obtained from Plaintiff on September 29, 2017 reveal that Plaintiff seeks damages in excess of $110,000.

Plaintiff now moves to again remand this case back to state court for lack of subject matter jurisdiction.

## III.   JUDICIAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court." 28 U.S.C. 1441(a). A removing defendant bears the burden of establishing that removal was proper, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. . . . The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). A district court must remand a case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. §1447(c).

Under 28 U.S.C. § 1332, federal jurisdiction is proper if (1) there is complete diversity between the parties and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

"[W]here it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006). "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (internal citations omitted).

## IV.   DISCUSSION

Plaintiff argues that this case should be remanded back to state court because Defendants have: (1) failed to meet their burden of showing that Plaintiff is a citizen of California; (2) failed to meet their burden of showing that the amount in controversy exceeds $75,000; and (3) failed to file a notice of removal within the requisite 30-day time period. The Court addresses each issue in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 17-07885-RGK-SSx | Date | January 24, 2018 |
|---|---|---|---|
| Title | *Yazdchi v. Enersys Delaware, Inc. et al.* | | |

### A. Complete Diversity

First, Plaintiff explains that the Complaint alleges only that she *resides* in California, not that she is a *citizen* of California. Therefore, Plaintiff argues that Defendants cannot show that she is a citizen of California, and as such cannot show that there is complete diversity of citizenship between the parties.

A state court complaint alleging that the plaintiff resides in a state, but not that she is a citizen of that state, is not removable on diversity grounds because the grounds for removal do not appear on the face of the pleading. *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695–96 (9th Cir. 2005). However, even if a state court complaint is not removable on its face, the defendant may still remove the case later in the proceeding if it receives "a copy of an amended pleading, motion, order or other paper" from which the defendant can ascertain that the case "is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Here, Plaintiff's responses to form interrogatories reveal that she has resided in California for at least the last five years, and she has evinced no affirmative intent to move out of the state. (*See* Defs.' Mot. 3 n.1, ECF No. 18.). Accordingly, Defendants show on the basis of these "other papers" that there is complete diversity of citizenship between the parties in this case.

### B. Amount in Controversy

Next, Plaintiff argues that because the Complaint reveals nothing about the amount in controversy other than that the amount demanded is more than $25,000, Defendants cannot show that the requisite amount in controversy is met. Indeed, Defendants' lack of evidence on this score was the basis for the Court's initial remand of the case. Since that time, however, Defendants have received evidence in discovery confirming that Plaintiff seeks over $110,000 in damages. (*See* Def.'s Notice of Removal, Ex. 11, at 22–23, ECF No. 1-11.) Such evidence constitutes "other paper" from which the defendants can ascertain that the case "is or has become removable." *See* 28 U.S.C. § 1446(b)(3). Indeed, Plaintiff does not appear to in fact dispute that she seeks more than $75,000, as she states in this Motion that "based on Plaintiff's salary alone, it was clear that Plaintiff's amount in controversy would exceed $75,000." (Pl.'s Mot. 4:8–10.)

As such, Defendants meet their burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### C. Timing Issues

In the alternative, Plaintiff argues that the Defendants failed to timely remove this case pursuant to the 30-day requirement in 28 U.S.C. § 1446. Specifically, she explains that the amount in controversy is based primarily on her salary, and the Defendants, her employers, knew of this information at the time

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-07885-RGK-SSx | Date | January 24, 2018 |
|---|---|---|---|
| Title | *Yazdchi v. Enersys Delaware, Inc. et al.* | | |

she filed suit because it was available in their internal records.[1] Therefore, she contends, Defendants needed to remove the case within 30 days of her initial Complaint. *See* 28 U.S.C. § 1446(b). The Defendants' October 2017 attempt to remove this case, she argues, is accordingly untimely.

Removability, however, is determined by the "four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris*, 425 F.3d at 694. The relevant test is what the document said, not what the defendant purportedly knew. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). Here, the initial Complaint did not specify an amount in controversy, so Defendants did not have evidence to support removing the case. The Court concluded as much in its prior order remanding the case back to state court. But on September 29, 2017, when Plaintiff submitted responses to interrogatories that showed that the amount in controversy was more than $110,000, the case became removable and the 30-day removal clock began to run. *See* 28 U.S.C. § 1446(b)(3). Therefore, when the Defendants filed their Notice of Removal on October 27, 2017 based upon Plaintiff's September 29, 2017 discovery responses, their removal was timely within the meaning of the removal statute.

Plaintiff nonetheless contends that her interrogatory responses do not constitute "other paper" from which a defendant can "ascertain" that a case is removable. But section 1446(c)(3)(A) plainly states that "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." § 1446(c)(3)(A). Here, the information that Defendants received from Plaintiff was received as a response to discovery and is accordingly an "other paper" from which the Defendants can ascertain removability under the removal statute.[2]

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand (DE 16).

**IT IS SO ORDERED.**

                                                                           :

Initials of Preparer

---

[1] Ironically, Plaintiff asserts *both* that the amount in controversy is unclear from the face of the Complaint, so the Defendants cannot properly remove the case, *and* that the Defendants are now time-barred from removing the case because they obviously knew at the time she filed the Complaint that the amount in controversy was met.

[2] Plaintiff also requests attorneys' fees because, Plaintiff contends, Defendants lacked an "objectively reasonable basis" for seeking removal. Because the Court in fact concludes the opposite, Plaintiff's request is denied.